

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00428-CR
_____

FRANCISCO LIRA LOPEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B19596-1401; Honorable Kregg Hukill, Presiding

January 25, 2019

## ABATEMENT AND REMAND

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Francisco Lira Lopez, appeals his conviction for the offense of assault of a public servant.[1]  At the time of trial, Appellant was represented by Terry McEachern. The clerk's record filed in this cause shows Appellant's attorney on appeal to be "Terry McEachern/Deceased."  Because the clerk's record further shows that Mr. McEachern

---

[1] *See* TEX. PENAL CODE ANN. § 22.01 (West Supp. 2018).

was court-appointed, this court deems it appropriate to abate and remand this matter to the trial court for the appointment of substitute counsel.

Accordingly, we abate this appeal and remand the cause to the 242nd District Court of Hale County for further proceedings. Upon remand, the trial court shall determine the following:

1.	whether Appellant desires to prosecute the appeal;

2.	whether Appellant is indigent;

3.	whether new counsel should be appointed; and

4.	whether Appellant is entitled to have the reporter's record furnished without charge.

If it is determined that appellant desires to proceed with the appeal and is indigent, the trial court shall appoint him new counsel. The name, address, email address, state bar number, and telephone number of the newly-appointed counsel shall be provided to this court by a supplemental clerk's record to be filed by February 25, 2019. If it should be determined that Appellant is not indigent and not entitled to the appointment of new counsel, the trial court shall enter an order to that effect and provide it to this court by a supplemental clerk's record to be filed by February 25, 2019. The supplemental clerk's record shall also include the trial court's certification of Appellant's right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); 34.5(c). Should further time be needed to perform these tasks, then same must be requested before February 15, 2019.

It is so ordered.

Per Curiam

Do not publish.

2